Scott G. Gratton
Adam M. Shaw
BROWN LAW FIRM, P.C.
269 W. Front Street, Suite A
Missoula, MT 59802
Tel (406) 830-3248
Fax (406) 830-3745
sgratton@brownfirm.com
ashaw@brownfirm.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| WAYNE and ROXY GILLESPIE, husband and wife, and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT as subrogee of Wayne and Roxy Gillespie,<br><br>            Plaintiffs,<br><br>    vs.<br><br>THE TIMKEN COMPANY; CNH INDUSTRIAL AMERICA, LLC; and JOHN DOES 1-10<br><br>            Defendants. | Cause No. CV19-51-BMM<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the above-named Plaintiffs, by and through their counsel of

record, and for their cause of action against Defendants, allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs Wayne and Roxy Gillespie ("Gillespies") are citizens of

Montana, residing in Toole County, Montana.

1

2.      Travelers Indemnity Company of Connecticut ("Travelers") is an insurance company organized and existing under the laws of the State of Connecticut with its principle place of business located at 1 Tower Square, Hartford, Connecticut, 06183. At all relevant times, Travelers provided insurance coverage to the Gillespies.

3.      Upon information and belief, The Timken Company is a manufacturer, supplier, retailer, wholesaler, distributor, engineer, designer, and/or purveyor of various bearings worldwide with its principle place of business in Canton, Ohio. Upon information and belief, Fafnir is a brand owned by, and a division within The Timken Company. Upon information and belief, The Timken Company is registered as a corporation in the State of Ohio and is a citizen of the State of Ohio.

4.      Upon information and belief, CNH Industrial America, LLC is a foreign limited liability company licensed to do business in Montana who is a manufacturer, supplier, retailer, wholesaler, distributor, engineer, designer, and/or purveyor of farm equipment including balers. Upon information and belief, CNH Industrial America, LLC was incorporated in the State of Delaware with its principle place of business in Wisconsin. CNH is a citizen of Delaware and Wisconsin.

5.     The John Doe Defendants are various unidentified individuals, organizations, or businesses who participated in the manufacture, supply, sale, retail, wholesale, distribution, engineering, design, and/or marketing of the defective product at issue in this lawsuit.

6.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332, diversity of citizenship, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of this state and citizens of foreign states.

7.     The incident at issue in this case involved a baler fire in Toole County, Montana, and as a result, venue is proper in the Great Falls Division of this Court.

## ALLEGATIONS

8.     The Gillespies purchased a new 2007 New Holland Round Baler, model number BR780A ("Baler"), for use in their family ranching business.

9.     The Gillespies used the Baler for baling hay and maintained the Baler with regular service at Torgerson's, LLC in Ethridge, Montana, and by personally conducting service on their ranch.

10.     On July 24, 2015, Wayne Gillespie was baling hay near the intersection of North Ethridge Road and Long Cake Road which is approximately

three miles north of Ethridge, Montana. Wayne was using the Baler when it suddenly caught fire without warning.

11.     The fire in the Baler quickly spread and resulted in a wildfire that burned approximately 1,100 acres to the east of where Wayne was baling hay.

12.     The Baler was destroyed and unusable as a result of the fire.

13.     Following the fire, Gillespies notified their insurance carrier, Travelers, of potential claims stemming from the fire.

14.     As a result of the fire, multiple property owners asserted claims against the Gillespies for damage to their property.

15.     To date, Travelers has paid $262,742.12 on behalf of the Gillespies for the claims asserted by various individuals for damage to their property as a result of the fire.

16.     Investigation following the fire revealed that the fire began as a result of a defective bearing (the "Bearing") on the Baler. The Bearing is identified as FAFNIR SE40K.

17.     The Bearing failed during its intended use on the Baler while Gillespies were baling hay.

18.     Upon information and belief, the Bearing was designed and manufactured by Fafnir Bearings, which is a division within The Timken Company (hereinafter, referred to collectively as "Timken").

19.     Upon information and belief, the Bearing was installed on the Baler by CNH Industrial America, LLC ("CNH").

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE
### (TIMKEN)

20.     Plaintiffs reallege the allegations set forth in Paragraphs 1-19.

21.     Timken owed a duty to Plaintiffs to design, engineer, manufacture, assemble, market, distribute, and sell the Bearing at issue in a non-defective and safe condition.

22.     The Bearing was designed, engineered, manufactured, assembled, marketed, distributed, and sold for the purpose of use on farm machinery, such as the Baler at issue in this lawsuit.

23.     Timken breached its duty when it designed, engineered, manufactured, assembled, marketed, distributed, and sold the Bearing at issue in a defective and unsafe condition.

24.     Timken's breach of its duty was the direct and proximate cause of the fire and resulting damages at issue in this lawsuit.

25.     As a result of Timken's breach, Plaintiffs have suffered damages in an amount to be proven at trial.

## COUNT II: NEGLIGENCE
### (CNH)

26.     Plaintiffs reallege the allegations set forth in Paragraphs 1-25.

27.     CNH owed a duty to Plaintiffs to design, engineer, manufacture, assemble, market, distribute, and sell the Baler in a non-defective and safe condition.

28.     CNH breached its duty when it designed, engineered, manufactured, assembled, marketed, distributed, and sold the Baler in an unreasonably dangerous and defective condition.

29.     CNH's breach of its duty was the direct and proximate cause of the fire and resulting damages at issue in this lawsuit.

30.     As a result of CNH's breach, Plaintiffs have suffered damages in an amount to be proven at trial.

## COUNT III: STRICT PRODUCTS LIABILITY
### (TIMKEN)

31.     Plaintiffs reallege the allegations set forth in Paragraphs 1-30.

32.     Timken did, in fact, design, manufacture, distribute, and sell the Bearing at issue in an unreasonably dangerous and defective condition.

33.     As a result of the defective design, engineering, manufacturing, and/or original assembly of the bearing at issue, the Baler caught fire and caused the resulting wildfire.

34.     The Bearing at issue was unfit and unsafe for its intended use and purpose by reason of defects in design, engineering, manufacturing, original assembly, and materials, in that the Bearing ultimately failed, which subsequently resulted in the Baler catching fire.

35.     Timken is strictly liable to Plaintiffs by reason of having designed, engineered, manufactured, assembled, marketed, distributed, and sold the Bearing in an unreasonably dangerous condition which was the direct and proximate cause of Plaintiffs' damages.

36.     As a direct and proximate result of the defective Bearing, Plaintiffs suffered damages and losses in an amount to be proven at trial.

## COUNT IV: STRICT PRODUCTS LIABILITY
## (CNH)

37.     Plaintiffs reallege the allegations set forth in Paragraphs 1-36.

38.     CNH did, in fact, design, manufacture, distribute, and sell the Baler at issue in an unreasonably dangerous and defective condition.

39.     As a result of the defective design, engineering, manufacturing, and/or original assembly of the Baler at issue, the Baler caught fire and caused the resulting wildfire.

40.     The Baler at issue was unfit and unsafe for its intended use and purpose by reason of defects in design, engineering, manufacturing, original

assembly, and materials in that the Baler ultimately failed, which subsequently resulted in the Baler catching fire.

41.    CNH is strictly liable to Plaintiffs by reason of having designed, engineered, manufactured, assembled, marketed, distributed, and sold the Baler with its defective Bearing in an unreasonably dangerous condition, which was the direct and proximate cause of Plaintiffs' damages

42.    CNH is strictly liable for the damages caused by the defective Bearing in an amount to be proven at trial.

## COUNT V: NEGLIGENCE AND STRICT LIABILITY
### (JOHN DOES 1-10)

43.    Plaintiffs reallege the allegations set forth in Paragraphs 1-42.

44.    Upon information and belief, Plaintiffs state that there may be other persons or entities responsible for the damages which occurred to the Bearing and Baler whom or which have not been fully identified at this point in time but may be responsible for their direct negligence and strict liability.

## PRAYER FOR RELIEF

Having stated their causes of action, Plaintiffs Wayne and Roxy Gillespie and Travelers Indemnity Company of Connecticut, as subrogee of Wayne and Roxy Gillespie pray for judgement against the above-named Defendants as follows:

1.      For monetary damages sufficient to compensate for all losses and

damages suffered by Plaintiffs;

2.      For Plaintiffs' cost of suit and interest as allowed by law; and

3.      For such other and further relief as is just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial on all issues so triable.

DATED this 2nd day of August, 2019.

BROWN LAW FIRM, P.C.


BY    /s/ Adam M. Shaw
            Scott G. Gratton
            Adam M. Shaw
            269 W. Front Street, Suite A
            Missoula, MT 59802
            *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of August, 2019, a copy of the foregoing was served on the following persons by the following means:

| 1-3 | CM/ECF | | Fax |
|---|---|---|---|
| | Hand Delivery | | E-Mail |
| | Mail | | Overnight Delivery |

1. Clerk, U.S. District Court

2. Mark S. Williams
   James D. Johnson
   Williams Law Firm
   PO Box 9440
   mark@wmslaw.com
   james@wmslaw.com
   *Attorneys for Defendant The Timken Company*

3. Perry J. Schneider
   Milodragovich, Dale & Steinbrenner
   PO Box 4947
   Missoula, MT 59806-4947
   perry@bigskylawyers.com
   *Attorneys for Defendant CNH Industrial America, LLC*

By:   /s/ Adam M. Shaw
        Scott G. Gratton
        Adam M. Shaw